**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Max Joseph PLOG–HOROWITZ,**
**Defendant–Appellant.**

**Nos. 14–10059, 14–10060.**

United States Court of Appeals,
Ninth Circuit.

---

Submitted April 7, 2015.*

Filed April 10, 2015.

Merry Jean Chan, Esquire, Barbara Valliere, Assistant U.S., Office of the U.S. Attorney, San Francisco, CA, for Plaintiff–Appellee.

Erik G. Babcock, Law Office of Erick G. Babcock, Oakland, CA, for Defendant–Appellant.

Before: FISHER, TALLMAN, and NGUYEN, Circuit Judges.

## MEMORANDUM **

In these consolidated appeals, Max Joseph Plog–Horowitz appeals from the district court's judgments and challenges the 60-month sentence imposed following his revocation of probation and guilty-plea conviction for being a felon in possession of a firearm and ammunition, in violation of 18 U.S.C. § 922(g)(1). We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Plog–Horowitz contends that the district court improperly imposed a four-level sentencing enhancement under U.S.S.G. § 2K2.1(b)(6)(B). He argues that there was insufficient evidence that he possessed the firearm in connection with the felony of impersonating a federal officer. We review for clear error. *See United States v. Flores,* 729 F.3d 910, 913 (9th Cir.2013). The pistol that Plog–Horowitz was convicted of possessing was found loaded and holstered along with law enforcement credentials, clothing, and other weapons. In light of this and Plog–Horowitz's history of impersonating a federal officer, the district court did not clearly err in finding that Plog–Horowitz intended to use or possess the firearm in connection with the offense of impersonating a federal officer. *See United States v. Jimison,* 493 F.3d 1148, 1149 (9th Cir.2007). In any event, the district court also found that Plog–Horowitz intended to possess or use the gun in connection with the felony offense of conspiracy to commit insurance fraud and Plog–Horowitz does not challenge that finding on appeal.

**AFFIRMED.**

---

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

